UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PRIME MATERIALS            :
RECOVERY, INC.             :
                           :
        v.                 :    Civ. No. 3:07-cv-1169(AHN)
                           :
MARTIN ROY TRANSPORT       :

RULING ON MOTION TO DISMISS

Plaintiff Prime Material Recovery, Inc. ("PMR") brings this action against Martin Roy Transport ("MRT"), alleging that MRT lost PMR's shipment of valuable metal while transporting it to a PMR customer in Quebec, Canada. Now pending before the court is MRT's motion to dismiss the complaint under the doctrine of forum non conveniens. For the following reasons, the motion is denied.

FACTS

PMR is incorporated under New York law and maintains its principle place of business in East Hartford, Connecticut. MRT is a Quebec corporation with its principle place of business in Rouyn-Noranda, Quebec, Canada. MRT has shipped PMR's goods from the United States to Canada for two years.

PMR alleges that on January 31, 2007, MRT picked up a shipment of fourteen pallets holding 43,936 pounds of silver-plated copper briquettes ("the Shipment") from a PMR facility in Orangeburg, South Carolina for delivery to a customer in Quebec. PMR alleges that the Shipment had a fair market value of $510,001.28. PMR arranged the Shipment through its East Hartford office and issued a single bill of lading, signed by MRT's

driver.  According to MRT, PMR personnel in South Carolina also provided MRT's driver with a Canadian Customs Invoice valuing the Shipment at $175,744.00.

MRT delivered the Shipment to MRT's storage area in Rouyn-Noranda, Quebec at 10:30 pm on February 2, 2007.  Thereafter, unknown persons stole the Shipment from that storage area.  PMR asserts that MRT is liable for the value of the lost Shipment under the provisions of the Carmack Amendment, 49 U.S.C. § 14706.[1]

MRT has moved to dismiss the complaint pursuant to the doctrine of forum non conveniens on the grounds that the courts of Quebec, Canada would serve as a more appropriate and convenient forum for this action.

### STANDARD

The principle of forum non conveniens provides that a court may dismiss an action even when jurisdiction is authorized by a general venue statute.  <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 507 (1947).  Under this doctrine, "dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience

---

[1] The court only analyzes the forum non conveniens issue in the context of the Carmack Amendment given that this federal statute preempts state and common law claims against carriers. <u>See, e.g.</u> <u>Cleveland v. Beltman N. Am. Co.</u>, 30 F.3d 373, 378 (2d Cir. 1994).

supporting his choice." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249 (1981). In deciding a forum non conveniens motion, the court must perform a three-step analysis. Gross v. Britsh Broad. Corp., 386 F.3d 224, 230 (2d Cir. 2004) (citing Iragorri v. United Techs. Corp., 274 F.3d 65 (2d Cir. 2001)). The court must (1) determine the degree of deference owed to the plaintiff's forum choice, (2) consider whether the defendant's proposed alternative forum is adequate to adjudicate the dispute, and (3) balance the private and public interests implicated by the plaintiff's choice of forum. Norex Petroleum, Ltd. v. Access Indus., Inc., 416 F.3d 146, 153 (2d Cir. 2005) (citing Iragorri, 274 F.3d at 73-74). Under this analysis, the defendant has the burden of proving that the plaintiff's chosen forum is not convenient. DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 29 (2d Cir. 2002) (citing Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 100 (2d Cir. 2000)). Unless the balance of private and public interests strongly favors the defendant, the plaintiff's choice of forum should rarely be disturbed. Gilbert, 330 U.S. at 509.

## DISCUSSION

MRT argues that each of the three forum non conveniens factors supports dismissal. Specifically, it contends that the deference due to PMR's choice of forum is overcome by the interests of convenience, that Quebec is an adequate alternative

forum, and that the private and public interests warrant the dismissal of this action in favor of the courts of Quebec.  PMR, however, argues that the court should accord great deference to its forum choice, that Quebec is an inadequate alternative forum, and that the private and public interests do not support the dismissal of this action.  The court concludes that, although Quebec would be an adequate alternative forum, the balance of private and public interests do not overcome the great deference owed to PMR's choice of forum.

   I.   The Degree of Deference Owed to PMR

   The degree of deference accorded to a plaintiff's forum choice varies with the circumstances.  Pollux Holding, Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 71 (2d Cir. 2003)   However, a plaintiff's decision to bring suit in its home forum is usually given "great deference" because that choice is presumed convenient.  Id. (citing Koster v. Am. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947) and Piper, 454 U.S. at 255-56).  While this deference is not absolute, the plaintiff's choice of forum is afforded great deference where it appears that the choice was dictated by legitimate concerns.  Norex, 416 F.3d at 154 (citing Iragorri, 274 F.3d at 71-72).

   Here, there are legitimate concerns supporting PMR's choice of this forum to litigate this dispute.  PMR's primary place of business is in Connecticut so this district is its home forum.

In addition, PMR alleges liability under federal law, the Carmack Amendment. Further, there is no indication that PMR's forum selection was influenced by any improper concerns, such as forum shopping. Cf. id. at 155 (stating that courts should give less deference to a plaintiff's forum choice when it appears that forum shopping interests, and not legitimate concerns, influenced that choice). For these reasons, PMR's forum choice is accorded "great deference." Pollux, 329 F.3d at 71.

    II.  Availability of an Adequate Alternative Forum

According to MRT, Quebec is an adequate alternative forum because MRT is amenable to suit there, PMR may institute an action there, and the governing Canadian law functions as the equivalent of the Carmack Amendment. PMR argues that Quebec is not an adequate alternative forum because, as MRT asserts in an affirmative defense, MRT would be exempt from liability under Article 2053 of the Civil Code of Quebec ("Article 2053") and thus PMR would have an inadequate remedy in that forum. The court disagrees.

"An alternative forum is generally adequate if the defendant is amenable to process there and the forum permits litigation of the subject matter of the dispute." Florian v. Danaher Corp., No. 3:00CV897 (CFD), 2001 WL 1504493, at *1 (D. Conn. Nov. 20, 2001) (citing Captial Currency Exchange, N.V. v. Nat'l Westminster Bank PLC, 155 F.3d 603, 609 (2d Cir. 1998)). The

"mere fact that the foreign and home fora have different laws does not ordinarily make the foreign forum inadequate.'" Id. (quoting DiRienzo, 232 F.3d at 57. A forum may, however, be inadequate in rare circumstances where the remedy available under its law would be so unsatisfactory as to amount to no remedy at all. Id.

Under this standard, Quebec is an adeqaute alternative forum because MRT is amenable to process there and the dispute can be litigated there. See Florian, 2001 WL 1504493, at *1. Moreover, contrary to PMR's contention, while the governing law of Quebec might limit the amount of PMR's recovery, it would not exempt MRT from all laibility or deprive PMR of a remedy.

Specifically, under Article 2053, a carrier that agrees to transport property of great value is exempt from liability for its loss unless the nature and value of the property was declared to it and the declaration was not deliberately misleading as to the property's nature or deliberately inflated as to its value. Civil Code of Quebec, R.S.Q., ch. 63, art. 2053 (1991). Thus, under Quebec law, PMR would only be deprived of a remedy if it had not declared the nature and value of the Shipment, had deliberately inflated its value, or had deliberately misstated its nature.

None of those circumstances, however, are present here. Indeed, the bill of lading appears to correctly identify the

nature of the property, and the Canadian customs invoice appears to state accurately the nature and value of the Shipment. Thus, it is unlikely that MRT would be exempt from liability under Article 2053.

While the provisions of Article 2052 of the Quebec Civil Code might limit PMR's recovery to the value of the Shipment declared on the customs invoice,[2] see Civil Code of Quebec, R.S.Q., ch. 64, art. 2052 (1991) ("The liability of the carrier, in the case of loss, may not exceed the value of the property declared by the shipper. If no value has been declared, it is established on the basis of the value of the property at the place and time of shipment."), that possibility does not mean that PMR would be deprived of an adequate remedy in a Quebec forum. See Piper, 454 U.S. at 247 (finding error where the court denied a forum non conveniens motion solely because "the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum").

For these reasons, Quebec would be an adequate alternative forum.

III. Balancing of Interests

With regard to the third prong of the analysis, the court

---

[2] Even though the value of the Shipment stated on the customs invoice was $175,744.00, PMR alleges in the complaint that the value of the Shipment was $510,001.28.

has weighed the private and public interests and concludes that MRT has not made a sufficiently strong showing of inconvenience to overcome the great deference afforded to PMR's choice of forum. See Iragorri, 274 F.3d at 74 (stating that "[t]he greater the degree of deference to which the plaintiff's choice of forum is entitled, the stronger a showing of inconvenience the defendant must make to prevail in securing forum non conveniens dismissal.")

### A. Private Interests

To determine the weight to give the private interests at stake, the court must consider: (1) the ease of access to evidence, (2) the availability of compulsory process for unwilling witnesses, (3) the cost of having willing witnesses testify, (4) the possibility of viewing the premises, if relevant, and (5) all other practical matters that make the trial easier or less expensive. Id. at 73-74 (quoting Gilbert, 330 U.S. at 508).

As to the location of evidence, the court is not persuaded by MRT's argument that trial in Connecticut would be inconvenient because the relevant documents, such as the bill of lading and the Canadian customs invoice, are located at MRT's office in Canada. Not only are these documents attached to the parties' briefs, they are not written in a foreign language, and therefore, no translations are required. Thus, this factor does

not weigh in MRT's favor.  See DiRienzo, 294 F.3d at 30 (finding that transporting documents or copies of documents from Ontario, Canada to New York was not oppressive or vexatious).

MRT's arguments regarding the convenience of witnesses are similarly unpersuasive.  The fact that it intends to call two MRT employees who live in Canada and would incur substantial personal expense to travel to Connecticut for trial is not such a significant burden in terms of cost or time to warrant dismissal.  See id. (holding that travel from Ontario, Canada to New York is not burdensome enough in terms of cost or time to warrant dismissal).  Also, there is no indication that MRT's proposed witnesses would require an interpreter if called to testify in Connecticut.  Cf. Lasala v. Lloyds, 514 F. Supp. 2d 447, 461 (S.D.N.Y. 2007) (favoring dismissal because many of the witnesses would require a translator if the case were tried in the United States).  Further, PMR intends to call PMR employees who work in Connecticut as witnesses.  Thus, whether this case is tried in Quebec or in Connecticut, witnesses will be required to travel.  For these reasons, the second and third considerations do not weigh in favor of either party.

With regard to viewing the premises, the court gives no weight to MRT's assertion that dismissal is required because the trier of fact will need to personally examine MRT's storage area in Quebec to determine its liability.  In light of the strict

liability imposed on carriers under the Carmack Amendment, the conditions of MRT's storage area would be irrelevant to the determination of MRT's liability.  See <u>NipponKoa Ins. Co. v. Watkins Motor Lines, Inc.</u>, 431 F. Supp. 2d 411, 413 (S.D.N.Y. 2006) (determining liability under the Carmack Amendment without examining the carrier's storage area even though the security conditions of the storage area were at issue); <u>Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.</u>, No. 02cv5258, 2003 WL 22004895, at *6-7 (S.D.N.Y. Aug. 22, 2003) (finding that the security conditions of the carrier's warehouse and the circumstances of the theft of the goods were irrelevant because the Carmack Amendment applies a strict liability standard), <u>rev'd on other grounds</u>, 91 F.3d 77 (2d Cir. 2004).  Thus, the fourth factor does not weigh in MRT's favor.

And lastly, the fifth factor is not at issue because the parties do not assert any other private interests implicating convenience concerns.

In sum, none of these five factors present any private interests that weigh in MRT's favor.

    B.  <u>Public Interests</u>

The four public convenience interests the court must examine are: (1) court congestion, (2) the fairness of imposing the case on a jury whose community has little relation to the litigation, (3) the interest in having local cases and controversies decided

at home, and (4) avoiding complex conflicts of law and application of foreign law. DiRienzo, 294 F.3d at 31 (citing Gilbert, 330 U.S. at 508-09)). Again, none of these factors weigh in MRT's favor.

First, as the parties concede, court congestion is not an issue. Second, Connecticut has an important relation to this litigation because PMR's primary place of business is located here and PMR made the arrangements for the Shipment here. Third, Connecticut has a strong interest in having this case decided in the home forum of one of its businesses. And fourth, no foreign or conflicts of law issues are implicated by PMR's claim.

For these reasons, MRT has failed to demonstrate that the balance of public and private interests weigh heavily enough in its favor to overcome the great deference afforded to PMR's choice of forum.

## CONCLUSION

For the foregoing reasons, MRT's motion to dismiss [doc. # 21] is DENIED.

SO ORDERED this 14th day of May, 2008, at Bridgeport, Connecticut.

/s/
Alan H. Nevas
United States District Judge
